UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
_____

| | | |
|---|---|---|
| CARL BRIAN CRAINE, | ) | C/A No.: 4:15-cv-0589-BHH-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| WARDEN LIEBER CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Carl Brian Craine (Petitioner), appearing *pro se*, filed his petition for a  writ of

habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 11, 2015. Respondent filed a motion for

summary judgment on May 13, 2015, along with a return and memorandum. The undersigned issued

an order filed May 14, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

advising Petitioner of the motion for summary judgment procedure and the possible consequences

if he failed to respond adequately. (Doc. #20). The Roseboro Order was returned to the Clerk of

Court's office via United States Postal Service on May 27, 2015, marked  "Refused." (Doc. #23).

 Petitioner has failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c),
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing

Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant

to Rule 41(b), the court is required to consider four factors:

    (1)   the degree of plaintiff's responsibility in failing to respond;

    (2)   the amount of prejudice to the defendant;

    (3)   the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

      In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his

actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have

been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's

orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is

recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

      In the alternative, it is recommended that Respondent's motion for summary judgment be

granted and the petition dismissed.


**PROCEDURAL HISTORY**

      The procedural history as set forth by the Respondent in his memorandum has not been

disputed as Petitioner did not file a response. Therefore, the undersigned will set out the undisputed

procedural history as set forth by the Respondent, in part.

      Petitioner is currently confined at the Broad River Correctional Institution in the South

Carolina Department of Corrections pursuant to orders of commitment from the Clerk of

Court for Pickens County. Petitioner was indicted by the Pickens County Grand Jury during the November 11, 2003, term of the Pickens County Court of General Sessions for one count of grand larceny (2003-GS-39-1867) and one count of burglary, first degree (2003-GS-39-1866). (App. 272-73, 275-76). At trial, Petitioner was represented by David Harrison. The State was represented by Assistant Solicitor Lucas Marchant of the Thirteenth Judicial Circuit Solicitor's Office. On October 23-25, 2006, Petitioner was tried by a jury before the Honorable Edward W. Miller, Circuit Court Judge on both charges. On October 25, 2006, Petitioner was convicted of first degree burglary. (App. 210). He was found not guilty of grand larceny. Id. Judge Miller sentenced Petitioner to twenty-five years confinement. (App. 213). Petitioner was also sentenced to six months confinement each on two separate contempt citations, both to be served consecutive to the sentence for the burglary conviction and to each other. Id.

**Direct Appeal**

A timely Notice of Appeal was served on behalf of Petitioner on October 30, 2006. On appeal, Petitioner was represented by Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal was initially perfected with the filing of a final Anders brief of Appellant. (Attachment No. 3). In the final Anders brief, Petitioner's counsel presented two arguments. First, she contended the trial judge erred in convicting and sentencing Petitioner on two counts of contempt when no indictments or indictment waivers were handed down on the offenses. Second, she argued the lower court erred in allowing the State to amend the burglary indictment to allege the aggravating circumstance of Petitioner having committed two or more prior burglary

convictions in order to establish guilt when the nighttime element had already been listed as an aggravating circumstance in said indictment. Petitioner also filed a *Pro Se* brief. (Attachment No. 5). In the *pro se* brief, Petitioner raised several arguments. First, he contended he tried to plead guilty and not guilty, but he was not allowed. Second, he asserted it was improper for the first-degree burglary indictment to be amended. Third, he asked the court to review whether the trial court had subject matter jurisdiction to find Petitioner guilty of contempt. By Order filed January 21, 2009, the South Carolina Court of Appeals denied counsel's petition to be relieved as counsel and directed the parties to brief an issue. (Attachment No. 6). Specifically, the Court of Appeals requested the following issue be briefed:

> In light of State v. Means, 367 S.C. 374. 386, 626 S.E.2d 348, 356 (2006) and State v. Lynch ,344 S.C. 635, 641, 545 S.E.2d 511, 514 (2001), did the circuit court err in allowing the State to amend the burglary indictment to change the aggravating circumstance to two or more prior burglaries when the nighttime element had already been listed?

Petitioner filed a Brief of Appellant. (Attachment No. 7). In the brief, Petitioner argued the circuit court erred in allowing the solicitor to amend the burglary indictment to allege two or more prior burglaries as an aggravating circumstance because this materially changed the nature of the offense as the original indictment listed the nighttime element as an aggravating circumstance. The State also filed a Brief of Respondent. (Attachment No. 8).

In an unpublished Opinion of the South Carolina Court of Appeals filed November 10, 2010, Petitioner's conviction was affirmed. (Attachment No. 9). In the opinion, the Court of Appeals stated Petitioner appealed his first-degree burglary conviction and twenty-five year sentence. Petitioner's indictment for first-degree burglary was based on an allegation that he entered or remained in the dwelling during the nighttime. However, before the

4

jury was sworn, the State requested to amend Petitioner's first-degree burglary indictment to include two or more prior burglary convictions as an additional aggravating circumstance. Petitioner opposed the State's motion to amend the indictment, arguing the proposed amendment prejudiced him because the prior convictions were for burglary second and occurred ten years prior to the current charge. On appeal, Petitioner argued the trial court erred in allowing the State to amend its first-burglary indictment because it changed the nature of the offense by alleging two or more prior burglaries as an aggravating circumstance when the original indictment listed the nighttime element as the aggravating circumstance. The Court of Appeals affirmed pursuant to Rule 220(b), SCACR, and the following authorities: State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (holding an issue must have been raised to and ruled upon by the trial judge to be preserved for appellate review, and issues not raised and ruled upon in the trial court will not be considered on appeal); State v. Benton, 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000)(finding an issue is not preserved if the defendant argues one ground for objection at trial and a different ground on appeal). The remittitur was issued on November 29, 2010.

**PCR**

On January 18, 2011, Petitioner filed an Application for Post-Conviction Relief (PCR), asserting claims of ineffective assistance of counsel, and a claim that he never received an indictment for contempt of court. (App. 217-25). Specifically, Petitioner asserted trial counsel was ineffective in failing to raise an issue before or during trial about the grand jury indictment of Burglary 1st when both co-defendants were indicted for 3rd degree Burglary. He also asserted that

trial counsel was ineffective in advising him that his co-defendants would not testify at trial until shortly before they were presented to testify at trial. (App. 220). Third, Petitioner complained that he received two contempt of court charges without being indicted for them. (App. 222). Petitioner further alleged that trial counsel was ineffective in preparing for trial. (App. 222). Petitioner further claimed that he would like to exercise his right to attack the 1st degree Burglary indictment. (App. 222). The State served its Return on May 25, 2011. (App. 226-30).

Petitioner filed an amendment to the PCR Application on September 6, 2012. (Attachment No. 11). In the amendment, he argued that he should have been indicted for third-degree burglary because he was found not guilty of grand larceny and that it was the charge his co-defendant received. He further argued that the trial court did not have jurisdiction for the amended indictment on first-degree burglary. He also complained that trial counsel was ineffective in not preparing Petitioner and not discovering prior to trial that one of his co-defendants would be testifying at trial.

An evidentiary hearing in the PCR action was held on October 29, 2012, before the Honorable R. Markley Dennis, Circuit Court Judge. (App. 231-58). Petitioner was present and was represented by Caroline Horlbeck. Id. The State was represented by Assistant Attorney General Karen Ratigan. Id. On November 19, 2012, the PCR Court filed its Order of Dismissal. (App. 266-71).

**PCR APPEAL**

Petitioner served and filed a Notice of Appeal on December 5, 2012. (Attachment No. 12). On appeal, Petitioner was represented by Benjamin John Tripp, Appellate

Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. See Attachment No. 13). Petitioner's appeal was perfected by the filing of a Petition for Writ of Certiorari. (Attachment No. 13). In the Petition, Petitioner presented two arguments. First, he contended the PCR court committed a legal error in holding that Petitioner's trial counsel adequately objected to the State's motion to amend the indictment because the Court of Appeals had already ruled that the objection was not specific enough to preserve the argument for appellate review. Second, he asserted the PCR court committed a legal error in holding that Petitioner did not suffer prejudice because had trial counsel adequately objected to the amendment of the indictment, the Court of Appeals would have reversed Petitioner's conviction. The State filed a Return to Petition for Writ of Certiorari. (Attachment No. 14). By order filed October 8, 2014, the South Carolina Supreme Court denied the Petition for Writ of Certiorari. (Attachment No. 15). The remittitur was issued on October 24, 2014. (Attachment No. 16).

## HABEAS ALLEGATIONS

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim in part:

Ground One:    Ive never been Indicted for the Burglary that Im In confinement for

Supporting Facts:    On Oct. 23 2007 I went to trial for burglary 1st, Grand Jury Indicted me for burglary 1st because the alledged burglary happened at night. I believe I could have proved the Alledged burglary happened in the daytime. During the trial, the court instructed the jury they could also find me guilty of Burglary 1st because I had 2 prior Sec (A)(2) of the burglary code. That Sec. also requires Grand Jury Bill. This was also ineffective Ass. of Counsel

| | |
|---|---|
| Ground Two: | Counsel failed to inform me that co-defendant would be in court to testify |
| Supporting Facts: | Trail transcript will show where I tried to stop trial after co-defendants testimony.  Transcript pg 177 LN 2-6 shows where I told court that this information was not told to me, LN 8-9 of same page shows where attorney stated only that he did not want to argue with his client. |
| Ground Three: | The Burglary should be a Trespassing because I was found not guilty of grand larceny |
| Supporting Facts: | A person is Guilty of Burglary if they enter a dwelling without consent with the intent to commit a crime, the State argued my intent to commit a crime  was  the  Grand Larceny.  I was found Not Guilty of Larceny so Allegedly I was only there at the scene.  Trespassing we do not know if (A)(3) was proved because of Sec (A)(2) not indicted |
| Ground Four: | I believe my Attorney-Client Confidentiality was violated by court officers. |
| Supporting Facts: | My Attorney made a motion for a mistrial and the court denied the motion after a officer was brought to the stand to testify about eavesdropping on a private conversation.  See Transcript pg 152 LN 6-25 pg 153 & 154 The violation prejudiced my Attorneys motion for a mistrial |

(Petition) (errors in original).


## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor

can the court  assume the existence of a genuine issue of material fact where none exists.   If none

can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary

judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to

judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Summary judgment is proper if the non-moving party fails to establish an essential element of any

cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.

Once the moving party has brought into question whether there is a genuine dispute for trial on a

material element of the non-moving party's claims, the non-moving party bears the burden of

coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e);

Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-

moving party must come forward with enough evidence, beyond a mere scintilla, upon which the

fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48

(1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable

to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the

non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to

defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir.

1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would

apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere

allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper

summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule

56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28

U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See <u>Williams</u> <u>v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## <u>DISCUSSION</u>

### <u>Ground One</u>

In Ground One, Petitioner argues that he was not properly indicted for the burglary conviction he received. This issue is not cognizable for federal review. A state court's determination that one of its courts had jurisdiction over a purely state law criminal charge is not a matter cognizable in federal habeas corpus. <u>See</u> <u>Wright v. Angelone</u>, 151 F.3d 151, 157 (4th Cir.1998); Therefore, it is recommended that summary judgment be granted for respondent on Ground One.

### <u>Ground Two</u>

In Ground Two, Petitioner argues that counsel was ineffective for failing to inform him that the co-defendant would be in court to testify against him. Respondent argues that this issue is procedurally defaulted as it was not ruled upon by the PCR court and, thus, was not preserved for review by the South Carolina Supreme Court.

11

Even if, for the sake of argument, the issue was raised but not ruled upon, Petitioner failed to request a ruling pursuant to Rule 59(e), SCRCP.[2] Failure to do so results in a procedural bar. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007).[3] Therefore, this claim is procedurally barred from review in federal habeas corpus. See Plyler v. State, 309 S.C. 408, 424 S.E.2d 477, 478 (S.C.1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground two be dismissed as procedurally barred.

**Ground Three**

In Ground Three, Petitioner argues that he should have been convicted of trespassing instead of burglary since he was not found guilty of grand larceny. Respondent argues that this issue fails to state a claim upon which federal habeas relief can be granted.

As this is a matter of state law, it is not cognizable for federal habeas review. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62,

---

[2] To avoid application of procedural bar to an issue raised but not ruled on by the PCR court as required by S.C. Code Ann. 17-27-80, a motion to alter or amend pursuant to Rule 59(e), SCRCP, must be made.

[3] In Bostic v. Stevenson, 589 F.3d 160, 162–65 (4th Cir.2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar. See Mendenhall v. Cohen 2011 WL 1119178 (D.S.C. 2011).

67-68 (1991); <u>Thomas v. Davis</u>, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Three.

**<u>Ground Four</u>**

In Ground Four, Petitioner argues that his attorney-client confidentiality was violated by court officers when an officer testified that he eavesdropped on a conversation between Petitioner and his attorney. Respondent argues that this issue is a free standing claim that would have had to have been raised at trial and then on direct appeal. Respondent argues that this issue is procedurally defaulted as there was no objection to this exact issue at trial and it was not preserved or raised on direct appeal.

As this issue was not raised on direct appeal, this claim is procedurally barred from federal habeas review in that it was not raised and ruled upon by the state court. <u>Marlar</u>, <u>supra</u>. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Four be dismissed as procedurally barred.

**<u>CONCLUSION</u>**

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore, RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

In the alternative, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #19) be granted for the above stated reasoning.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 1, 2015
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.